IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | Case No. 4:08CR3116 |
| Plaintiff,     ) | |
| ) | |
| vs.     ) | **TENTATIVE** |
| ) | **FINDINGS** |
| IGNACIO SANDOVAL-SIANUQUI,     ) | |
| ) | |
| Defendant.     ) | |

I am in receipt of the revised presentence investigation report and addendum in this case. Except for the defendant's objections and the government's statement of position, there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1)   The undersigned will consult and follow the Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220(2005) and subsequent cases. *See*, *e.g.*, *Gall v. U.S.*, --- S.Ct. ----, 2007 WL 4292116 (2007). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' general advice through §3553(a)'s list of factors[1]; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason which justifies a sentence different than

---

[1] However, I will no longer give the Guidelines "substantial weight."

that called for by application of the advisory Guidelines.[2]

(2)     The defendant's objections (filings 34 and 37) regarding the defendant's role in the offense, obstruction of justice, denial of acceptance of responsibility, lack of safety valve and related motion for variance will be resolved at the two hour evidentiary hearing previously scheduled to commence at noon on November 13, 2009, with sentencing to follow immediately thereafter.  The defendant may call as a witness Guadalupe Villaneuva to present oral testimony in support of his objection. The government's statement of position (filing 41) is noted and the government shall be allowed to call the witnesses identified therein at the hearing mentioned above. The government's motion to file under seal (filing 40) the government's statement of position (filing 41) is granted with the understanding that defense counsel has been provided with a copy of the statement of position by counsel for the government.

(3)     Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

---

[2]*See* note 1.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

Dated August 25, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge