IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3116 |
| | ) | |
| v. | ) | |
| | ) | |
| IGNACIO SANDOVAL-SIANUQUI, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

    The defendant, Ignacio Sandoval-Sianuqui, has filed a timely § 2255 motion. After initial review, I will deny the motion with prejudice because the files and records plainly show that the motion has no merit.

    Essentially, the defendant argues that his counsel was ineffective for allowing the defendant to plead guilty to two separate conspiracies. He argues that one conspiracy was in Nebraska and the other in Kansas. He correctly asserts that the indictment charged only one conspiracy.

    When I asked the government to provide the factual basis for the plea of guilty, the government outlined one large (15 kilo or greater) multi-state drug business that involved deliveries in Kansas and Nebraska at the direction of the defendant in Arizona, with the drug couriers delivering the drugs in the Midwest and returning the money to the defendant in Arizona. Indeed, this case came to the attention of law enforcement when one of the couriers, after making a 15 pound delivery in Kansas, was stopped with a large sum of money and drugs while he was on his way to Nebraska to make another delivery. The defendant admitted that the government's

recitation of the facts was substantially correct. (Filing no. 89 at CM/ECF pp. 19-23.)

Furthermore, the single count indictment was not limited only to activities in the District of Nebraska. It alleged that the crime took place in Nebraska and elsewhere. (Filing no. 1.)

In summary, according to the defendant's admissions under oath, the factual predicate for the argument that counsel was ineffective (there were multiple conspiracies and the indictment charged only one) does not exist. *See*, *e.g.*, *Kamerud v. United States*, 629 F.3d 790, 793 (8th Cir. 2011) (affirming denial of § 2255 motion; counsel was not ineffective for failing to argue variance between single drug conspiracy charged in the indictment and evidence that showed that the events of the conspiracy took place in Iowa and South Dakota). Therefore,

IT IS ORDERED that the Motion for Leave to Proceed In Forma Pauperis (filing no. 92) is granted and the Motion to Vacate under 28 U.S.C. § 2255 (filing no. 91) is denied and dismissed with prejudice. A separate judgment will be issued.

DATED this 24th day of October, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

2